*Russell,* for appellant.

*Coke & Argegast,* for appellees.

---

HYATT, McCREADY, ETC., *v.* JOHN L. SCOTT.

**Contracts—Allegations of Petition—Demurrer.**

The appellee alleges in his petition that the stage of water in the Kentucky River was such that the coal could have been delivered after the first of October, 1867, and before the first day of March, 1868. He failed to designate the earliest date at which such delivery could have reasonably been made, and perhaps if this count had been taken or confessed, he would have been entitled under it to no more than nominal damage; therefore the instruction asked for was properly overruled.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 17, 1871.

OPINION BY JUDGE LINDSAY:

It is insisted that the judgment in this case should be reversed because the court below refused to instruct the jury; that the appellants were not bound to deliver the five barges of coal mentioned in the contract until a reasonable time "after there was such rises in the Ohio and Kentucky rivers as enabled the defendants to send it in the usual way from Pittsburg to Frankfort." Said instruction was prepared upon the idea that the contract was in legal effect an undertaking upon the part of Hyatt McCready & Co. to deliver to Scott at Frankfort the quantity of coal designated as soon after the date of the contract as they could reasonably transport the same in barges from Pittsburg to the place of delivery, the stage of water being considered.

If it be conceded that this is the correct construction of the writing sued upon, the question still remains to be determined whether, under the pleadings and evidence, the refusal of the court to give the instruction was such an error as will authorize a reversal.

Scott alleges in his petition that the stage of water in the Ohio and Kentucky rivers was such that the coal could have been delivered after the first of October, 1867, and before the first of March, 1868. He failed to designate the earliest date at which such delivery could have reasonably been made, and perhaps if this count in his petition has been taken for confessed, he would have been entitled under it to no more than nominal damages.

The answer, however, to some extent, cures this defect. The appellants deny that the stage of water in the Kentucky river was such, before the — day of January, 1868, as would have enabled them to comply with their contract. They make no mention whatever of the stage of water in the Ohio river and no defense is based upon the condition of that stream.

Still, we are of opinion that the failure of appellants to plead specifically as to the stage of water in the last named river did not dispense with the necessity of proof upon that point.

The evidence is conclusive that the Ohio river at Carrolton from and after, about the 20th of December, 1867, was navigable for barges of coal being brought from above that point. This fact of itself would not establish that the rise in said river extended as far as Pittsburg, as the same might have been caused by the rise of streams flowing into the Ohio south and west of that city. But in addition to this, it is proved by the witness Spillman, who lived at the mouth of Kentucky river, that he bought at Cincinnati a barge of coal which reached Carrollton on the first day of January, 1868, and that he not only did not purchase after the rise in the Ohio had reached that city from Pittsburg, but that he waited for a decline in the price of coal.

W. B. Chinn, one of appellant's witnesses, states that coal began to decline in price on the 28th of December, 1867, because of the fact that "a rise at Pittsburg had brought down Pittsburg coal to Louisville about that time."

On the 24th of said month appellant, McCready, wrote to Scott that "coal was coming," and he is corroborated in this by the testimony of his own witness, Captain Milton, who swears that on the 28th of that month he, with the steamer Vaild, was in the Kentucky river with two barges of coal in tow, the same being the coal of his employes, Hyatt, and others. This chain of evidence proving unmistakably that barges from Pittsburg laden with coal had commenced reaching the mouth of the Kentucky river and points below on the Ohio on or before the 28th of December, 1867, is uncontradicted by any testimony whatever, either direct or circumstantial. Such being the case, a verdict based upon the idea that appellants could not, by the use of reasonable diligence, have brought coal in barges from Pittsburg to the mouth of the Kentucky river by the 1st of January, 1868, would have been flagrantly against the weight of the evidence, and it would have been the duty of the court to set it aside on that account.

There is some conflict in the testimony as to the stage of water in the Kentucky river, but this question was properly submitted to the jury. In view of all the facts presented by the record, we are of opinion that the error complained of (if it be

an error) could not have prejudiced the substantial rights of the appellants.

Judgment *affirmed.*

*Bullitt, for appellants.*

*Caldwell, Harlan, Scott, for appellees.*

